IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TANYA SMITH**                                                                              **PLAINTIFF**

**V.**                                                              **NO. 4:14-CV-00161-DMB-JMV**

**LIBERTY HEALTH & REHAB OF**
**INDIANOLA, LLC, ET AL.**                                                **DEFENDANTS**

## ORDER

This wrongful death action is brought by Plaintiff Tanya Smith on behalf of the estate of her father, Charles Smith, against Defendant Liberty Health & Rehab of Indianola, LLC ("Liberty Health"), and unnamed employees of Liberty Health. Doc. #2 at 1. At the time of his death, Charles Smith was a resident at Liberty Health. Plaintiff alleges that her father died as a result of negligent care administered at Liberty Health. *Id.*

Pursuant to the Federal Arbitration Act, Liberty Health moves to "enforce the Binding Arbitration Agreement entered into and signed by Charles Smith on or about May 25, 2011." Doc. #6 at 1. In support of its motion, Liberty Health offers several affidavits and a copy of the Binding Arbitration Agreement. Doc. #6 to #6-6. Smith filed a response, along with a copy of the Binding Arbitration Agreement, and an opinion of the United States Court of Appeals for the Tenth Circuit. Doc. #12 to #12-2. Liberty Health also filed a reply in support of its motion to enforce the arbitration agreement. Doc. #15.

Under the Federal Arbitration Act, "[a] written provision in … *a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction*, … shall be valid, irrevocable, and enforceable, save upon such

grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (emphasis added). The Binding Arbitration Agreement offered in this matter provides:

> [T]he Undersigned and Facility acknowledge and agree that the parties have entered into *an Admissions Agreement*. The Undersigned and the Facility further acknowledge that *the Admissions Agreement evidences a transaction involving interstate commerce* ….

Doc. #6-1 at ¶ 1 (emphases added). Neither party has submitted the Admissions Agreement that purportedly implicates the Federal Arbitration Act. The acknowledgment contained in the Binding Arbitration Agreement does not evince a transaction involving interstate commerce. *See GGNSC Louisville Hillcreek, LLC v. Warner*, No. 3:13-CV-752-H, 2013 WL 6796421, at *8 n.13 (W.D. Ky. Dec. 19, 2013) ("The parties cannot by agreement make an act not in interstate commerce into one that is in interstate commerce."). In other words, the documents currently before the Court do not demonstrate that the Federal Arbitration Act is applicable in this case.

Moreover, neither Liberty Health's motion nor Smith's response complies with the Court's Local Rules. Local Rule 7(b)(4) requires that "[a]t the time [a] motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant *must file a memorandum brief* in support of the motion." L.U. Civ. R. 7(b)(4) (emphasis added). Similarly, a responding party "*must … file a response and memorandum brief* in support of the response." *Id*. (emphasis added and punctuation removed). The rule cautions that "[f]ailure to timely submit the required motion documents may result in the denial of the motion." *Id*. "This rule reflects the policy that complete briefing is especially important when the party asserting the law has the burden of proof." *C.W.P. v. Brown*, 56 F. Supp. 3d 834, 839 (N.D. Miss. 2014) (internal quotation marks and citation omitted). Both parties failed to submit a supporting memorandum brief.

For these reasons, at this time, the motion [6] to enforce the arbitration agreement is **DENIED without prejudice.** Liberty Health shall have 21 days to re-urge its motion. In doing so, Liberty Health should include the Binding Arbitration Agreement executed on or about May 25, 2011, along with the Admissions Agreement referenced therein.

SO ORDERED, this 4th day of September, 2015.

<u>**/s/ Debra M. Brown**</u>
**UNITED STATES DISTRICT JUDGE**